IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JACK DEMPSEY §  §  Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:12-CV-00018 |
| § | |
| BRICE, VANDER LINDEN & § WERNICK, P.C. § Defendant § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Plaintiff's Motion to Remand (Dkt. 8). As set forth below, the Court finds that the motion should be GRANTED.

Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c). A review of the record before the Court indicates that remand is mandatory here.

Plaintiff filed his Application for Temporary Restraining Order and Temporary and Permanent Injunction in the 429th District Court of Collin County, Texas on December 29, 2011. Plaintiff's pleading sought to stop Defendant, Brice Vander Linden & Wernick, from proceeding with non-judicial foreclosure proceedings against his homestead. *See* Dkt. 1 at 7-9. On January 11, 2011 Defendant removed the case to this Court. *See* Dkt. 1. Defendant's notice of removal claimed

1

that "[t]his action is a civil action over which this Court would have original jurisdiction under 28 U.S.C. § 1332, and is removable to this Court under 28 U.S.C. § 1441(a) in that it is a suit between citizens of a state and subjects of a foreign state in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." Dkt. 1 at 1.

Suits are removed on the basis of diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. There is no diversity here. By Defendant's own admission, it is a Texas citizen, as is Plaintiff. Dkt. 1 at 2. Defendant's notice of removal argues that it is not the proper party to Plaintiff's suit because Plaintiff has alleged no viable cause of action against it, but has not shown how that would create diversity jurisdiction. The Court notes that Defendant (along with its unnamed employees and agents) is the only named Defendant, thus, there is no other named diverse defendant such that doctrine of fraudulent joinder would be triggered. *See, e.g., Rico v. Flores*, 481 F.3d 234, 238-39 (5th Cir. 2007) (to establish that a non-diverse defendant has been improperly joined, the removing party must show that plaintiff's inability to establish a cause of action against the non-diverse party in state).

Further, the facts alleged in Plaintiff's state court pleadings do not allege a federal question. Plaintiff seeks to stop a foreclosure, which is a matter of state law, and does not rely on any federal statutes. That Plaintiff's claims may be related to a separate suit already pending in federal court is not enough to show independent jurisdiction over these claims. That is not to say that any actions in Plaintiff's state law action will not be altered or otherwise barred by the orders and judgment entered in Plaintiff's other federal case. But, Defendant has not shown how having a related federal

case would confer federal question jurisdiction over this one. Defendant has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Defendant has not done so here.

Plaintiff's motion to remand was filed on February 10, 2012. Although the motion has indicated that remand is opposed, more than one month after its filing, Defendant has failed to timely file a written response in opposition. The Court thus further assumes that Defendant is not opposed to remand, as Local Rule CV-7(d) provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L. R. CV-7(d). Defendant has failed to provide the Court with any valid basis for removal. "The court must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Moore v. Bis Salamis, Inc.*, 748 F. Supp.2d 598, 601 (E.D. Tex. 2010) (internal quotations and citations omitted). Therefore, the matter should be remanded.

Moreover, based on these facts and the procedural history of this case, the Court agrees that Plaintiff is entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."). In determining whether the improper removal of a case to federal court warrants an award of attorneys' fees, the court considers objectively the merits of the defendant's case at the time of removal. 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290 , 292-93 (5th Cir. 2000). Here, Defendant filed a notice of removal setting forth conclusory allegations for removal without any supporting authority and then failed to respond to

Plaintiff's arguments regarding remand. Such caused an needless use of Plaintiff's and the Court's time and resources. The Court has reviewed the affidavit regarding attorneys' fees and finds that an award of $1,500 would compensate Plaintiff for his reasonable and necessary fees and costs.

Without any proof of federal jurisdiction by Defendant over the claims at issue, removal was improper, the case must be remanded to state court for further proceedings, and Plaintiff should be awarded $1,500 for his fees and costs associated with the removal. Plaintiff's Motion to Remand (Dkt. 8) should be GRANTED, this case should be remanded to the 429th District Court in Collin County, Texas, and Defendant should be required pay Plaintiff $1,500 in fees and costs within seven (7) days of the date of remand.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 13th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE